CLARA N. ELLIS v. W. B. ELLIS.

(Filed 26 January, 1927.)

**1. Judgments—Nullity—Courts.**

Where it appears from the record in the case that the judgment is void, it will be considered as a nullity by the court without life or effect given it.

**2. Judgments—Consent—Contracts—Approval of Court.**

A consent judgment rests by the agreement of the parties upon its subject-matter, and is given the effect of a judgment of the court in accordance with its terms, with the approval of the trial judge.

**3. Same—Vacated Upon Consent.**

A consent judgment being founded upon the contract of the parties may not be amended or made ineffectual by the court without like assent of the parties.

**4. Same—Married Women—Husband and Wife—Deeds and Conveyances —Statutes.**

While a consent judgment must be in conformity with C. S., 2515, that transfers the wife's title in her separate realty to her husband, upon her executing and delivering her deed thereto in conformity with the statutory provisions, the husband may claim title under his valid deed.

**5. Same—Annuities—Estoppel.**

Where by consent judgment a division of lands is made between the husband and wife under which the lands of the wife were charged with the payment of an annuity to the husband, upon the husband's motion to vacate the judgment, the wife insisting upon the validity of the judgment assumes the burden upon the lands conveyed to her, and is bound by the judgment.

**6. Deeds and Conveyances—Delivery of Deed—Issues — Questions for Jury.**

No title passes by a deed to lands until its delivery and acceptance, and where an issue is properly raised as to this fact, the question is one for the jury.

CIVIL ACTION, before *Bryson, J.,* at Fall Term, 1926, of FORSYTH. Remanded.

On 20 February, 1901, the defendant, W. B. Ellis, conveyed to the plaintiff, Clara N. Ellis, his wife, four lots or parcels of land described in said deed. Thereafter, prior to 25 May, 1923, the defendant undertook to take possession of said land and the plaintiff brought an action against the defendant in the Superior Court of Forsyth County, seeking to have the title to all of said property adjudged to be in herself.

At the March Term, 1925, pending the taking of testimony, the following judgment was entered: "This cause coming on to be heard, and

ELLIS *v.* ELLIS.

being heard before Michael Schenck, judge presiding, and a jury, at the March Term, 1925, of the Superior Court, Forsyth County, and pending the trial of said cause, and before the close of the evidence the plaintiff and defendant compromised and settled their differences.

"It is, therefore, by and with the consent of the parties ordered, adjudged and decreed that the plaintiff is the owner and entitled to the immediate and exclusive possession of the real estate described in the pleadings, as follows, to wit:

"The following described tract of land known as the J. A. Butner Factory property in Salem, N. C." (describing the lot).

It is further ordered, considered and adjudged and decreed that the defendant, W. B. Ellis, is the owner and entitled to the immediate and exclusive possession of the following lands or parcels of real estate set out in the pleadings and described as follows:

"Situated on Main Street in the town of Salem, N. C." (describing the lots).

It is further considered, ordered and adjudged and decreed that the lot adjudged to be the property of the plaintiff shall pay annually to the defendant W. B. Ellis the sum of fifteen hundred dollars ($1,500), payable in twelve equal installments, beginning 1 April, 1925, until 1 August, 1928, should he live so long, and thereafter said lot of land shall pay to the said W. B. Ellis the sum of two thousand dollars annually during the life of the said W. B. Ellis, payable in equal monthly installments, with the proviso, however, that should the rent on the property at the expiration of the present lease to Brown & Williamson Tobacco Company, to wit, 1 August, 1930, be increased beyond the sum of six thousand dollars ($6,000) annually, then it is considered, ordered and adjudged and decreed that the annuity to be paid to W. B. Ellis as hereinbefore recited, shall be proportionately increased, and should the rent on said property, after the date aforesaid, be reduced, then the annuity hereinbefore recited shall be proportionately reduced; in no event, however, shall the annual payments or annuity herein provided to be paid to the said W. B. Ellis be less than the sum of fifteen hundred dollars ($1,500), payable as hereinbefore set forth.

It is further ordered that should the said Clara N. Ellis, or her assigns erect a building or buildings upon the vacant portion of said lot or that part not occupied by the brick structure situated thereon, then and in that event, the annuity to be paid to the said W. B. Ellis shall not be increased by the rental value according to said property by the erection of said new buildings or structures.

It is further ordered and decreed that should the plaintiff elect to sell and convey said property within the life time of W. B. Ellis then and in that event, it is ordered that the plaintiff shall have leave to sell

and convey said property and out of the proceeds from said sale, she shall pay to W. B. Ellis, at his option, the cash value of said annuity calculated upon the rent then being paid for said building at the time of sale, the cash value of said annuity, however, when so computed, shall be on a basis of not less than two thousand dollars ($2,000), annually, or at the election of W. B. Ellis, the plaintiff shall file bond with surety to be approved by the judge of the Superior Court of Forsyth County, conditioned to pay W. B. Ellis the annuity herein provided for during the period of his natural life, said annuity payment whereof to be secured by said bond shall not be less than two thousand dollars ($2,000) annually. In the event the said W. B. Ellis shall elect to take the cash value of said annuity at the time of sale, the cash value of said annuity shall be computed according to the mortuary tables as now exists under the law of the State of North Carolina and upon security being provided as aforesaid for the payment of the annuity aforesaid, or upon the payment of cash value of said annuity as herein set forth, then in that event said property so conveyed shall be discharged of all liens and encumbrances fixed by this decree, and upon notice to both parties a supplemental decree shall be entered by the judge of the Superior Court of Forsyth County so declaring, and this cause be retained only for such orders.

It is further considered, ordered and adjudged that the property aforesaid decreed to be the property of said Clara N. Ellis shall be charged with a lien for the payment of the annuities herein set forth.

It is further ordered, adjudged and decreed that the plaintiff, Clara N. Ellis, execute and deliver to the defendant, W. B. Ellis, a deed of conveyance to all the property herein decreed to be the property of the said W. B. Ellis, which said deed shall be executed by the plaintiff and duly probated and recorded in accordance with the statutes of North Carolina regulating conveyances by married women to their husbands.

It is further ordered and adjudged that each party pay his or her own cost and that the court cost be divided equally between the parties. Michael Schenck, Judge Presiding. Approved and consented to: Swink, Clement & Hutchins, Manly, Hendren & Womble, attorneys for plaintiff. Walter E. Brock, T. L. Caudle, P. W. Glidewell, L. V. Scott and Graves & Graves, attorneys for defendant. Approved and consented to: Clara N. Ellis, W. B. Ellis.

In pursuance of said consent judgment, on 12 March, 1925, the plaintiff, Clara N. Ellis, executed a deed in fee simple to the defendant for the land designated in said consent judgment as the property of W. B. Ellis. This deed recites that it is made "pursuant to order, judgment and decree of the Superior Court of Forsyth County in a civil action therein pending entitled 'Clara N. Ellis v. W. B. Ellis.'" This deed

was duly acknowledged before a notary public and also in accordance with C. S., 2515. It further appears that the defendant has received the payments directed in said consent judgment to be paid by the plaintiff to him.

Prior to the March Term, 1926, defendant duly made a motion to vacate the consent judgment hereinbefore referred to. After hearing the motion to vacate said consent judgment, Bryson, J., entered the following judgment: "This cause coming on to be heard and being heard before the undersigned at chambers in Greensboro, N. C., on Saturday, 27 March, 1926, said hearing being by and with the consent of the parties, as appears in the record, and after hearing the evidence and the argument of counsel, the court being of the opinion that the defendant is not entitled to the relief prayed, it is ordered and adjudged that said action be and the same is hereby denied, and that the cost of this motion and hearing be taxed against the defendant, W. B. Ellis."

From the order declining to set aside said consent judgment, the defendant appealed.

*Swink, Clement, Hutchins & Feimster and Manly, Hendren & Womble for plaintiff.*

*W. B. Ellis, in propria persona, for defendant.*

BROGDEN, J. Is the consent judgment, March Term, 1925, in compromise and settlement of the differences existing between the plaintiff and the defendant void?

Unquestionably, "a void judgment is without life or force, and the court will quash it on motion, or *ex mero motu.* Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity." *Carter v. Rountree,* 109 N. C., 29; *Moore v. Packer,* 174 N. C., 665; *Reynolds v. Cotton Mills,* 177 N. C., 412.

It will be observed that the judgment sought to be vacated is a consent judgment. "A judgment or decree entered by consent is not the judgment or decree of the court, so much as the judgment or decree of the parties, entered upon its record with the sanction and permission of the court, and being the judgment of the parties, it cannot be set aside or entered without their consent." *Harrison v. Dill,* 169 N. C., 544; *Belcher v. Cobb,* 169 N. C., 689; *Bunn v. Braswell,* 139 N. C., 135; *Bank v. McEwen,* 160 N. C., 414; *Simmons v. McCullin,* 163 N. C., 409; *Gardiner v. May,* 172 N. C., 194; *Morris v. Patterson,* 180 N. C., 484; *Distributing Co. v. Carraway,* 189 N. C., 420; *Bank v. Mitchell,* 191 N. C., 190.

At the time this consent judgment was entered, the plaintiff and the defendant were husband and wife. The plaintiff had been granted a

decree of absolute divorce from the defendant, but this decree of divorce was held to be void in the case of *Ellis v. Ellis,* 190 N. C., 418. Now, if the consent judgment is, as a matter of law, the contract of the parties, and the parties were, at the time said judgment was entered, man and wife, the law required compliance with C. S., 2515. This contract of the parties, referred to as the consent judgment, did not comply with C. S., 2515, for the reason that there is no private examination of the wife and no certificate to the effect that the contract was not unreasonable or injurious to her. Therefore, if the title to the land described in the consent judgment is vested by reason of said judgment, such title would be invalid for the reasons given. However, it appears that, after said consent judgment was rendered, the plaintiff executed a deed to the defendant for the land described therein. This deed was executed in full compliance with C. S., 2515. If this deed was delivered to the defendant, and he accepted it, defendant's title would be valid by virtue of the deed itself, and irrespective of any contract between husband and wife.

On the other hand, the plaintiff, Clara N. Ellis, holds title to all the land described in the deed from W. B. Ellis to Clara N. Ellis, dated 20 February, 1901, and duly recorded. Plaintiff, therefore, claims under the deed itself, made to her in 1901 by the defendant, and her title to her portion of the property is valid by virtue of that deed and irrespective of the consent judgment. Plaintiff, Clara N. Ellis, filed an affidavit in this cause, resisting the motion of the defendant to set aside said consent judgment and declaring that she approved the judgment, and she is in this proceeding requesting the court to enforce the judgment which carries with it the payment of the annuities prescribed therein by the plaintiff to the defendant. The plaintiff, at the time this affidavit was filed, and at the time this motion was made by the defendant, was under no disability, and her conduct in thus appearing in this cause will bar her from questioning the obligation imposed of paying said annuities. "A· claim made or position taken in a former action or judicial proceeding will estop the party to make an inconsistent claim or take a conflicting position, in a subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same and the same questions are involved." *Holloman v. R. R.,* 172 N. C., 372; *Brantley v. Kee,* 58 N. C., 332; *Williams v. Scott,* 122 N. C., 545.

The defendant contends that the deed from Clara N. Ellis to him, dated 12 March, 1925, was never delivered to him or accepted by him. There is evidence in the record to the contrary, but this is a disputed fact, and the defendant is entitled to have this fact found by the court. If the court shall find that the deed from the plaintiff to the defendant,

ELLIS *v.* ELLIS.

dated 12 March, 1925, was duly delivered to the defendant, then the title to the respective portions of property, referred to in said consent judgment, is valid as to both plaintiff and defendant.

Therefore, this cause is remanded to the Superior Court of Forsyth County to the end that further proceedings may be had in accordance with this opinion.

It is further ordered that the cost of this appeal be divided equally between the parties.

Remanded.