## STATE v. J. J. McKAY.

(Filed 30 March, 1932.)

**1. Judgments K a—Consent judgment may not be set aside without consent of parties in absence of fraud, mistake, etc.**

A consent judgment is in effect a written contract between the parties litigant entered with the consent of the court, and the court may not thereafter set it aside without the consent of the parties in interest.

**2. Seduction B c—Subsequent marriage does not discharge judgment entered in criminal prosecution for seduction.**

A *nolo contendere* partakes of a confession of the offense charged in a criminal action, and where in a prosecution for seduction under promise of marriage the defendant enters a plea of *nolo contendere*, and a judgment is entered under agreement between the prosecutrix, the defendant, and the solicitor, which provides for the payment of a certain amount to the prosecutrix in monthly installments to be secured by bond, etc., and the defendant thereafter pays the amount agreed upon to the date of making a motion to discharge the bond on the ground that his subsequent marriage to the prosecutrix discharged the judgment: *Held*, marriage after verdict of guilty does not affect a judgment in a prosecution for seduction, and the defendant's motion should be overruled. C. S., 4339.

APPEAL by defendant from *Barnhill, J.*, at October Term, 1931, of BRUNSWICK. Affirmed.

The following judgment was rendered in the court below:

"The defendant, through his attorneys, made motion for discharge of bond and mortgage heretofore made in this cause, for that, he had complied with the·judgment heretofore rendered, to wit, at April Term, 1929, except as hereinafter stated, in that the marriage hereinafter stated fully discharged all payments not made at the time of marriage, said judgment of April Term, 1929, being as follows, to wit:

'Defendant enters plea of *nolo contendere,* which said plea is accepted by the State. Prayer for judgment continued upon the defendant paying all costs of this action, including an allowance of $500, that is $250 each to A. M. Rice and Emmett H. Bellamy, attorneys representing the prosecutrix, within thirty days from date, and the sum of $300 to prosecutrix on this date, and the further sum of $1,200 in equal monthly installments of $50.00 on or before·the 1st day of each and every month, beginning on 1 May, 1929, and continuing until the total sum of $1,200 is paid. Provided defendant may, at his option, pay the total amount of said allowance of $1,200 immediately to the clerk of the Superior Court.

'It is further ordered and provided that defendant shall give a justified bond in the sum of $2,500 for the faithful performance of these

conditions, no execution to be issued thereon within thirty·days from date hereof. Bond of the defendant, with A. F. Jones as surety, in the sum of $2,500 given, approved and accepted. Upon the performance of each and every of these conditions the same shall be and is hereby accepted in full and complete satisfaction of all actions, or causes of action, civil or criminal, growing out of or connected with the charges of Gladys Freeman against the said J. J. McKay, and terminates all causes for civil and criminal actions against said J. J. McKay to date. In event said J. J. McKay shall elect to pay the above referred to $1,200 in equal monthly installments of $50.00, then a real estate mortgage to clerk Superior Court as trustee shall be given in addition to the above required bond to secure the payment of the same, said mortgage to be approved by the clerk of this Superior Court.

'Upon failure of the defendant to comply with all of the foregoing provisions and conditions, or either of, or any part of either, capias may issue upon motion of the solicitor.

'This 11 April, 1929, at the April Term.

W. C. HARRIS, *Judge Presiding.*'

This judgment consented to by the State, by the prosecutrix and by the defendant."

Upon the hearing of the motion there were present Woodus Kellum, solicitor, representing the State; Emmett H. Bellamy and David Sinclair, representing the prosecutrix, and Robert W. Davis and C. Ed Taylor, representing the defendant, and being heard, and the court being of the opinion that he was without legal power to grant relief against the terms of the bonds given in pursuance of the said consent judgment at the April Term, 1929, denied the motion, and upon request find the following agreed facts:

"1. That the foregoing judgment was had at the April Term, 1929, Brunswick County Superior Court.

2. That the defendant had complied in part with the judgment in the payment of all costs of the $500 to attorneys representing the prosecutrix; the $300 to the prosecutrix; and given bond in the sum of $2,500 for the faithful performance; had executed and recorded the mortgage, Book 48, page 436, on real estate upon his electing to pay the $1,200 to the prosecutrix in monthly installments, and had paid into the court for the prosecutrix the sum of $300 in six monthly installments of $50.00 each, leaving at time of marriage $900 still unpaid.

3. That, on 7 May, 1930, the defendant was married to the prosecutrix, since which time the two have lived together in Brunswick County as husband and wife, and are so living· at the present time.

4. That for several months before said marriage and since the said marriage no payments were made to the court and no demand had been made by the prosecutrix and wife for any further payments.

5. That the said wife does not now demand immediate payments, but refuses to consent to cancel the judgment requiring payments, and resists the authority of the court to declare the judgment satisfied and canceled.

Whereupon, it is considered, adjudged and decreed that the said motion be denied. It is agreed that the judgment denying the motion and the foregoing findings of facts may be signed out of term and out of the district, and that the record in the original case, this signed judgment and these entries, shall constitute the case on appeal, with defendant's exceptions to be added, and that no further record of the case need be included in the record

M. V. BARNHILL, *Judge Presiding.*"

To the foregoing judgment the defendant, J. J. McKay excepted, assigned error and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Emmett H. Bellamy and David Sinclair for prosecutrix.*
*C. Ed Taylor and Robert W. Davis for defendant.*

CLARKSON, J. The defendant excepted and assigned error to the foregoing judgment on the ground that the court below should have held that the marriage between the parties, on 7 May, 1930, discharged the consent judgment of 11 April, 1929. The exception and assignment of error cannot be sustained.

C. S., 4339, is as follows: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State prison not exceeding the term of five years; *Provided,* the unsupported testimony of the woman shall not be sufficient to convict; *Provided further,* that marriage between the parties shall be a bar to further prosecution hereunder. But when such marriage is relied upon by the defendant, it shall operate as to the costs of the case as a plea of *nolo contendere,* and the defendant shall be required to pay all the costs of the action or be liable to imprisonment for nonpayment of the same."

Under the statute the defendant was tried on a regular bill of indictment charging seduction under promise of marriage, and entered a *nolo contendere* at April Term, 1929, of Brunswick Superior Court.

*"Nolo contendere"* is defined as follows: "I will not contest it. The name of a plea in a criminal action, having the same legal effect as a plea of guilty, so far as regards all proceedings on the indictment, and on which the defendant may be sentenced." Black's Law Dic. (2d ed.), p. 820.

The prosecutrix had the legal right to indict defendant under C. S., 4339, and also sue him in a civil action for tort. It is only necessary for plaintiff's recovering damages in her civil action, in tort, for wrongful seduction, to show that the defendant induced the intercourse by persuasion, deception, enticement, or other artifice; not requiring, as in prosecution under C. S., 4339, *supra,* that the intercourse was procured under a promise of marriage, though when existent this may be shown in the civil action as a means used by the defendant to accomplish his purpose. *Hardin v. Davis,* 183 N. C., 46, 110 S. E., 602.

The record discloses that after the defendant had entered a plea of *nolo contendere,* practically a plea of guilty (1) prayer for judgment was continued upon the defendant paying all costs, etc. (2) "And the sum of $300 to prosecutrix on this date, and the further sum of $1,200 in equal monthly installments of $50.00 on or before the 1st day of each and every month, beginning on 1 May, 1929, and continuing until the total sum of $1,200 is paid. Provided defendant may, at his option, pay the total amount of said allowance of $1,200 immediately to the clerk of the Superior Court." The defendant complied in part with the judgment in the payment of all costs, the $500 to attorneys representing the prosecutrix; the $300 to the prosecutrix; had given bond in the sum of $2,500 for the faithful performance; had executed and recorded the mortgage, Book 49, page 436, on real estate upon his electing to pay the $1,200 to the prosecutrix in monthly installments, and had paid into the court for the prosecutrix the sum of $300 in six monthly installments of $50.00 each, leaving at time of marriage $900 still unpaid. From the judgment there was no appeal. It was a consent-compromise judgment.

On 7 May, 1930, over a year afterwards, defendant married the prosecutrix and they are living together as husband and wife. The defendant contends that the marriage canceled the consent judgment. We cannot so hold.

In *Bank v. Mitchell,* 191 N. C., at p. 193, speaking to the subject, citing numerous authorities, is the following: "It is well settled in this jurisdiction: If parties have the authority, a consent judgment cannot be changed, altered or set aside without the consent of the parties to it. The judgment, being by consent, is to be construed as any other contract of the parties. It constitutes the agreement made between the parties

and a matter of record by the court, at their request. The judgment, being a contract, can only be set aside on the ground of fraud or mutual mistake." *Schofield v. Bacon,* 191 N. C., 253; *Ellis v. Ellis,* 193 N. C., 216; *Cox v. Drainage District,* 195 N. C., 264; *Cary v. Templeton,* 198 N. C., 604.

In *Board of Education v. Commissioners,* 192 N. C., at p. 279, citing numerous authorities, we find: "The law will not even inquire into the reason for making a decree, it being considered in truth the decree of the parties, though it be also the decree of the court, and their will stands as a sufficient reason for it."

The statute says "That marriage between the parties shall be a bar to *further prosecution* hereunder. But when such·*marriage. is relied upon* by the defendant it shall operate *as to the cost of the case* as a plea of *nolo contendere."* Black's Law Dic., *supra,* at p. 958: "Prosecution: In criminal law. A criminal action; a proceeding instituted and carried on by the due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime," citing numerous authorities.

The statute clearly indicates that the marriage must be before the party is adjudged guilty for defendant to get the benefit of the statute. In the present case, defendant practically pleaded guilty and a consent judgment was entered. "This judgment consented to by the State, by the prosecutrix and by the defendant." The defendant contends: "That where the parties have reconciliation, and marry, and are living together as husband and wife, the reason no longer exists for the payment provided for in the judgment and secured by the bond and mortgage, and that the bond and mortgage should be canceled," citing *Smith v. King,* 107 N. C., middle of p. 276, and *Archbell v. Archbell,* 158 N. C., 408 *et seq.*

The above cases concern deeds of separation between husband and wife, not favored in law. The *Smith case, supra,* is cited in the *Archbell case.* The conduct of the wife in resuming the conjugal relations in that case, by returning and living with her husband and receiving support from him, rescinded and canceled the deed of separation. The wrong was committed in the present case and a judgment was solemnly entered into and consented to by all the parties before the marriage. Over a year afterwards the parties were married. The judgment cannot be set aside unless a civil action by defendant is instituted alleging and proving fraud or mistake, or the wife relents and consents to a cancellation. See *Myers v. Barnhardt, ante,* 49; *Peeler v. Peeler, ante,* 123. The judgment below is

Affirmed.