JENNE EDER CRUTCHLEY v. WILLIAM F. CRUTCHLEY

No. 801DC1176

(Filed 15 September 1981)

1. **Arbitration and Award § 5; Divorce and Alimony § 29— disputes concerning spousal support—arbitrable**

    Disputes concerning spousal support are arbitrable in North Carolina. G.S. 1-567.2(a).

2. **Arbitration and Award § 5; Divorce and Alimony §§ 19, 24.5— modification of arbitrated award—ninety-day time limit**

    Where plaintiff filed a motion requesting modification of an order confirming an arbitration award and the award itself so as to increase the amount for alimony and child support more than ninety days after delivery of a copy of the award, she had waived her ability to contend that the award is imperfect. G.S. 1-567.14(a)(3).

3. **Arbitration and Award § 9; Divorce and Alimony §§ 16.8, 18.10— arbitration of dispute concerning spousal support—failure to find facts**

    G.S. 50-16.8(f) requiring a trial judge to find facts from the evidence presented is inapplicable to the situation where the parties agreed to arbitrate the issue of spousal support.

---

Crutchley v. Crutchley

---

4. Arbitration and Award § 9; Divorce and Alimony § 19.1— modification of arbitrated award—time limit expired

   The portion of a judicially confirmed arbitrator's award concerning support of plaintiff may not be modified after the statutory time periods for modifying an award and for appealing a confirmation order have expired.

APPEAL by plaintiff from *Beaman, Judge.* Order entered 21 July 1980 in District Court, PASQUOTANK County. Heard in the Court of Appeals 27 May 1981.

Plaintiff's complaint, filed 22 March 1976, alleged that the parties had three minor children, that defendant had abandoned her and had committed acts constituting grounds for divorce from bed and board and that plaintiff was a dependent spouse. Plaintiff's prayer for relief included requests for a divorce from bed and board, alimony pendente lite, permanent alimony, custody of the parties' minor children and child support, title to the parties' residence and two vacant lots and counsel fees. On 14 May 1976, defendant filed his answer to plaintiff's complaint, denying the material allegations of the complaint, pleading several affirmative defenses as bars to plaintiff's action, and counterclaiming for a divorce from bed and board and for custody of the children.

On 18 October 1976, the court entered an order approving the parties' consent to arbitration. That order reads as follows:

CONSENT ORDER

PRESENT, HIS HONOR, GRAFTON G. BEAMAN, DISTRICT JUDGE PRESIDING:

This cause coming on to be heard and being heard, and the following disposition being made by consent:

1. Dr. B. C. West, Jr. is hereby appointed arbitrator in this cause, and he shall be guided by the following procedure:

(a) He shall review the pleadings appearing in this cause in order to familiarize himself with the contentions of the parties.

(b) The arbitrator's report in this case shall be final and binding on all parties.

(c) The arbitrator shall file his report in the office of the Clerk of Superior Court of Pasquotank County within a rea-

sonable time after he has had opportunity to make a review and study of the matter.

(d) The arbitrator shall have full power and authority to require each of the parties to appear before him as he may deem advisable, to offer to him such evidence as he deems necessary, including documents, reports, checks, bookkeeping entries; income tax returns, and any and all other evidence that the parties desire to present to said arbitrator, and further including oral evidence that said parties desire to present to said arbitrator, it being the intent and purpose hereof that the said arbitrator shall have the opportunity to receive and consider, and the parties shall have the opportunity to present to the arbitrator, full and complete evidence pertaining to the case. The arbitrator shall interview any witnesses which the parties may bring before him and consider all other relevant evidence, and he shall have full subpoena power.

(e) The arbitrator is authorized and empowered to interview the parties, their witnesses, and review their documentary and oral evidence in conference, in an informal manner, open and formal hearing not being necessary.

2. It is the intent and purpose hereof that the said arbitrator is fully authorized and empowered to bring this controversy to a conclusion and, as aforesaid, his report shall constitute the final and binding decision with respect to this case.

3. After filing his report, the arbitrator shall suggest to the Court the amount of his compensation and a determination with respect to same shall be made by the Court.

WHEREUPON, it is ORDERED, ADJUDGED AND DECREED that the foregoing consent of the parties with respect to arbitration is approved and so ordered.

This 18th day of October, 1976.

s/GRAFTON G. BEAMAN
District Court Judge Presiding

The order was also signed by the parties and their attorneys.

On 1 December 1977, the court granted defendant's motion for confirmation of the aribtrator's award. The order confirming the arbitrator's award reads as follows:

The undersigned District Court Judge, upon receiving a motion for a confirmation of the award of arbitrator in this case, and having first reviewed the record and making a finding that an arbitrator's award has been made; that the award is made under proper authority and that the same is fair and in the best interest of the children and the parties, and further finding that each party by consent order dated October 18, 1976, agreed that the arbitrator's decision shall be final and binding and it appearing that the arbitrator's award is now subject to confirmation;

It is hereby ORDERED that the award of arbitrator is hereby CONFIRMED, and that this case therefore be removed from the docket as having been settled by arbitration.

This 1st day of December, 1977.

s/ GRAFTON G. BEAMAN
District Court Judge

The arbitrator's award granted plaintiff custody of the two oldest children, child support of $200 per month per child, payment of 75% of their medical, dental and college expenses by defendant and visitation rights with the youngest child, of whom defendant was given custody. Plaintiff was also awarded $130 per month for 36 months as back alimony, $500 per month as alimony and possession of the residence until her death, remarriage or cohabitation. The support awards were made subject to a yearly cost of living increase. The arbitrator's award also contained provisions for a property division and provided that defendant would pay plaintiff's attorney's fees and the arbitrator's fees. It did not contain a recitation of facts or reasons for the decision.

On 30 November 1978, plaintiff filed a motion in the cause requesting modification of the order confirming the arbitration award and the award itself so as to increase the amounts of alimony and child support and to strike the cohabitation restriction. Plaintiff alleged that because the order confirming the arbitration award contained no findings of fact as required by N.C. Gen. Stat. § 50-16.8(f) and unlawfully limited the duration of

alimony payments by the cohabitation restriction, the order of confirmation should be modified "to correct these irregularities" pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) and (6). Plaintiff also alleged that because the amounts of alimony and child support were inadequate when awarded and did not reflect the standard of living to which the parties were accustomed before their marital problems began, the confirmation order should be modified and plaintiff should be granted arrearages pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). Finally, plaintiff alleged that the alimony and child support awards should be increased due to substantial changes in circumstances which occurred after the award was confirmed.

On 30 January 1980, defendant replied to plaintiff's motion in the cause and denied the material allegations contained therein. On 21 July 1980, the trial court entered an order denying plaintiff's motion which was signed with the parties' consent out of term on 11 August 1980. In the order, the court stated that the arbitrator's award was binding and that the remedy of motion in the cause was not available to plaintiff. The court refused to hear any evidence in support of plaintiff's motion for these reasons. Plaintiff appeals from this order.

*Haywood, Denny & Miller by George W. Miller, Jr., for the plaintiff-appellant.*

*White, Hall, Mullen, Brumsey & Small by Gerald F. White and Jennette, Morrison & Austin by John S. Morrison, for the defendant-appellee.*

MARTIN (Robert M.), Judge.

Plaintiff's sole assignment of error, based on an exception to the order appealed from, reads as follows:

That the Court below committed error in dismissing the plaintiff's motions in the cause for the reason that the arbitrator's award entered on December 1, 1977, and the subsequent order of the Court confirming said award dated December 1, 1977, on its face failed to comply with the procedure in actions for alimony and alimony *pendente lite* as provided by G.S. 50-16.8(f) and for the further reason that all of said orders are subject to modification as provided by G.S. 50-16.9(a).

Thus the *only* question before this Court on this appeal concerns the validity and effect of the portion of the arbitrator's award concerning support of the plaintiff-appellant.

[1] The threshold question which we must determine is whether disputes concerning spousal support are arbitrable.[1] The Uniform Arbitration Act, adopted in North Carolina in 1973, N.C. Gen. Stat. § 1-567.1 *et seq.*, governs written agreements to arbitrate, in the absence of a stipulation to the contrary between the parties, unless the agreement is one between employers and employees or their representatives. N.C. Gen. Stat. § 1-567.2(b). The 18 October 1976 consent order was a written agreement between plaintiff and defendant to arbitrate, as discussed more fully *infra*. It did not contain a stipulation that the Uniform Arbitration Act was inapplicable. The Act, therefore, governs our determination of the validity and effect of the parties' agreement to arbitrate the issue of spousal support in this case.

N.C. Gen. Stat. § 1-567.2(a) reads, in pertinent part,  as follows:

> [t]wo or more parties may agree in writing to submit to arbitration *any controversy* existing between them at the time of the agreement. . . . Such agreement . . . shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy. (Emphasis added.)

As noted above, in subsection (b) the legislature made two specific exceptions to the general rule stated in subsection (a), neither of which is applicable to this case. We believe it is significant that the legislature did not see fit to exclude domestic disputes from the Act which provides a comprehensive procedure for the arbitration of "*any controversy.*" In its wisdom, the legislature may decide to exclude domestic matters from the Act and may declare domestic issues to be nonarbitrable. But unless and until the legislature takes such action, we must assume that by adopting the broad language of N.C. Gen. Stat. § 1-567.2(a), the legislature intended that *any* controversy, including a controversy concerning the amount of spousal support, is arbitrable.

---

1. For a discussion of the arbitrability of various issues in domestic law, *see* Comment, *The Enforceability of Arbitration Clauses in North Carolina Separation Agreements*, 15 Wake Forest L. Rev. 487 (1979).

Crutchley v. Crutchley

We note, in support of our position, that North Carolina allows spouses, upon the break-up of a marriage, to enter into an agreement determining the right of the wife to support or alimony.[2]

It seems logical to hold that if spouses may contract with regard to this issue, they may contract to have the issue determined by an arbitrator. Thus, based on the broad language of N.C. Gen. Stat. § 1-567.2(a), we conclude that the issue of spousal support is arbitrable in North Carolina. Having reached this conclusion, we must determine whether one party to the agreement to arbitrate may seek a judicial modification of an arbitrator's award concerning this issue.

[2] Again, our decision is governed by North Carolina's Arbitration Act. N.C. Gen. Stat. § 1-567.14 provides that a party may seek a court order modifying the award on specified grounds within ninety days after delivery of a copy of the award to that party. Appellant, in the present case did not attempt to seek a judicial modification of the award within the ninety-day time limit. She, therefore, waived her contention that the award is imperfect in a matter of form N.C. Gen. Stat. § 1-567.14(a)(3).

[3] Appellant also contends that the trial court failed to comply with N.C. Gen. Stat. § 50-16.8(f) in its 1 December 1977 order confirming the arbitrator's award by failing to find facts and make conclusions of law. G.S. 50-16.8(f), however, contemplates a judicial determination of an action for alimony or alimony *pendente lite*, and is inapplicable to the situation where the parties agree to arbitrate the issue of spousal support. Rather, N.C. Gen. Stat. § 1-567.12 controls. That statute provides that unless within the time limits specified in the Arbitration Act, an application to vacate modify or correct the award is made, "[u]pon application of a party, the Court shall confirm an award."

Moreover, N.C. Gen. Stat. § 1-567.18 provides that an appeal taken from an order confirming an arbitrator's award shall be taken in the manner and to the same extent as from orders in a civil action. Without doubt, an appeal taken two and one-half years after entry of the order is not timely.

2. The binding effect of such agreements on the courts is discussed *infra*.

[4]　Therefore, the final question to be determined on this appeal is whether the portion of the judicially confirmed arbitrator's award concerning support of plaintiff-appellant may be modified after the statutory time periods for modifying the award and for appealing the confirmation order have expired. We hold it cannot.

The 18 October 1976 order approving the parties' consent to arbitration, quoted previously, was a consent judgment.

> A consent judgment is the contract of the parties entered upon the court records with the approval and sanction of a court of competent jurisdiction. It depends for its validity upon the consent of both parties, without which it is void. "A judgment or decree entered by consent is not a judgment or decree of the court, so much as the judgment or decree of the parties, entered upon its records with the sanction and permission of the court, and being the judgment of the parties which cannot be set aside or entered without their consent." [*Ellis v. Ellis*, 193 N.C. 216, 219, 136 S.E. 350 (1926), quoted in *Holden v. Holden*, 245 N.C. 1, 8, 95 S.E. 2d 118 (1956).]

2 R. Lee, N.C. Family Law § 149 at 217 (4th ed. 1980).

> "A consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties." *Bland v. Bland*, 21 N.C. App. 192, 195, 203 S.E. 2d 639, 641 (1974). This Court is not bound by the "four corners" of a consent judgment, but the judgment should be interpreted in light of the surrounding controversy and purposes intended to be accomplished by it. *Price v. Horn*, 30 N.C. App. 10, 226 S.E. 2d 165 (1976), *cert. denied*, 290 N.C. 663, 228 S.E. 2d 450 (1976).

*Roberts v. Roberts*, 38 N.C. App. 295, 300, 248 S.E. 2d 85 (1978).

Appellant does not contend that her consent to the agreement to submit the case to arbitration was in any way invalid. The second numbered paragraph of the consent order states the intent of the parties in entering into the agreement as follows: "[i]t is the intent and purpose hereof that the said arbitrator is fully authorized and empowered to bring this controversy to a conclusion and . . . his report shall constitute the final and binding decision with respect to this case." The consent order also states

"[t]he arbitrator's report in this case shall be final and binding on all parties." We believe that a valid agreeement to arbitrate the issue of spousal support should be accorded the same effect as an agreement between spouses setting forth the amount of such support. In North Carolina, by statute, a valid separation agreement providing for the separate support of a spouse, so long as it is fully performed, will bar a subsequent action for alimony, alimony pendente lite and counsel fees. N.C. Gen. Stat. § 50-16.6(b). This was also the rule in North Carolina prior to the enactment of this statute in 1967. 2 R. Lee, N.C. Family Law § 148 (4th ed. 1980). The rationale for this rule is that a dependent spouse's right to support is a property right which may be released by contract. Such a contract may not be ignored or set aside by a court without consent of the parties. *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235 (1962); *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). The same rationale applies to an agreement to arbitrate the issue of spousal support.

For the reasons stated above, we affirm the action of the trial court.

Affirmed.

Judges CLARK and HILL concur.