IN THE MATTER OF THE ARBITRATION BETWEEN JACK O. BOYTE, ARCHITECT, HEREINAFTER REFERRED TO AS "CLAIMANT," AND MR. AND MRS. CLYDE C. DICKSON, JR. AND C. C. DICKSON COMPANY, HEREINAFTER REFERRED TO AS "RESPONDENTS," AMERICAN ARBITRATION ASSOCIATION CASE NUMBER: 31 10 0052-81

No. 8226SC771

(Filed 21 June 1983)

1. **Arbitration and Award § 4— arbitration proceedings—persons not parties to arbitration agreements**

    The trial court did not err in failing to vacate an arbitrator's award because the individual respondents were not parties to the arbitration agreement between claimant and the corporate respondent, and the female respondent was not a party to claimant's agreement with the male respondent, where respondents consented to the consolidation of the proceedings for arbitration, none of the respondents applied for a stay of the proceeding or objected thereto, and all respondents participated in the arbitration proceedings without objection to their status as parties. G.S. 1-567.3; G.S. 1-567.13.

2. **Arbitration and Award § 6— arbitration award—remand for clarification**

    Pursuant to the applications of claimant and respondents, the trial court had authority under G.S. 1-567.10 to remand an arbitration award for clarification.

**3. Arbitration and Award § 6— revision of arbitration award**

Upon remand for clarification of an arbitration award requiring respondents to pay claimant a certain amount for architect services on a house project and on a warehouse project, the arbitrator did not err in revising the award so that the total amount of the award was due only from the individual defendants for services on the house project.

APPEAL by respondents Mr. and Mrs. Clyde C. Dickson, Jr., from *Grist, Judge.* Judgment entered 25 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 May 1983.

This is an appeal from a judgment of the trial court confirming a "clarified" arbitration award.

Jack O. Boyte, claimant, commenced arbitration proceedings against respondents Dickson and against C. C. Dickson Company to collect money allegedly due under two separate construction contracts, each of which contained an arbitration clause whereby disputes were to be resolved according to the Construction Industry Arbitration Rules of the American Arbitration Association (AAA). The first contract was for the construction of a beach house in South Carolina. The contract designated respondents Mr. and Mrs. Dickson as "owners" and claimant Boyte as the architect. The contract was executed by claimant and Mr. Dickson. The second contract was for the construction of an office and warehouse project in Charlotte, North Carolina. Claimant Boyte was again designated as the architect and C. C. Dickson Company was designated as "owner." This contract was also executed by claimant and Mr. Dickson.

Claimant served upon respondents two separate notices of intention to arbitrate, one as to the claim against respondents Dickson for money due on the beach house and another as to the claim against C. C. Dickson Company for money due on the office and warehouse project. Accompanying this service was a copy of a letter from claimant's counsel to AAA requesting that the two claims be consolidated for arbitration. Respondents consented to consolidation and the AAA notified all parties that it would proceed with the claims "as one arbitration." All parties were served with a written notice of hearing from the AAA, showing that the claims were to be consolidated. On 13 October 1982, both claims were heard before one arbitrator, the beach house claim being

heard in the morning and the office and warehouse claim being heard in the afternoon.

The award of the arbitrator read, in pertinent part, as follows:

In the Matter of the Arbitration between

JACK O. BOYTE, ARCHITECT, hereinafter referred to as "CLAIMANT"

AND

MR. AND MRS. CLYDE C. DICKSON, JR. AND C. C. DICKSON COMPANY, hereinafter referred to as "RESPONDENTS"

CASE NUMBER: 31100052-81

AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and dated February 1, 1979 and having been duly sworn and having duly heard the proofs and allegations of the Parties, AWARD as follows:

RESPONDENTS shall pay to CLAIMANT the sum of SEVEN THOUSAND NINE HUNDRED THIRTY DOLLARS AND THIRTY-THREE CENTS ($7,930.33). This amount is for services rendered on the house and warehouse/office project.

If this AWARD is not paid within thirty (30) days from the date hereof, then this AWARD may be considered a specific lien against the RESPONDENTS' lots, subject to the applicable statutory regulations.

The administrative fees and expenses of the American Arbitration Association shall be borne equally by the parties and shall be paid as directed by the Association.

This AWARD is in full settlement of all claims and counterclaims submitted to this arbitration.

Thereafter, claimant asked the arbitrator to clarify the award and the arbitrator refused. Claimant then filed with the court alternative motions for confirmation, clarification and modification of the award and respondents filed alternative mo-

tions to vacate, correct or modify the award. The trial judge heard the motions of claimant and respondents and, finding that the award as rendered was "imperfect in a matter of form" and that it was in need of "clarification and modification pursuant to G.S. 1-567.10 and 1-567.14 so as to separate and delineate those portions of the award applicable to the different respondents," remanded the award to the arbitrator for clarification and modification.

The clarified award read, in pertinent part, as follows:

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and dated February 1, 1979 and having been duly sworn and having duly heard the proofs and allegations of the Parties, and having rendered an AWARD dated December 5, 1981, and in compliance with Judge Grist's Order for Clarification and Modification of Arbitration Award, dated March 11, 1982, hereby clarify said AWARD as follows:

1. That portion of the total award of $7,930.99 [sic] which is chargeable against and due from the Respondent, C. C. DICKSON COMPANY.

No Award $-0-

2. That portion of the total award of $7,930.33 which is chargeable against and due from the Respondents, MR. AND MRS. CLYDE C. DICKSON, JR.

Award $7,930.33

In all other respects the AWARD dated December 5, 1981 shall remain in full force and effect.

From judgment confirming the award as modified, respondents Dickson appealed.

*Parker Whedon for claimant-appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Christian R. Troy, for respondent-appellants.*

WELLS, Judge.

[1]  In their first argument, respondents contend that the trial court erred in failing to vacate the arbitrator's initial award because neither Mr. or Mrs. Dickson was a party to the agreement between claimant Boyte and C. C. Dickson Company and because Mrs. Dickson was not a party to either of the agreements. The record clearly shows that Mr. and Mrs. Dickson were properly served with notice of Boyte's intention to arbitrate the beach house agreement and that C. C. Dickson Company was properly served with notice of intent to arbitrate the office and warehouse agreement. None of the respondents moved to stay either arbitration, but instead agreed to consolidate the proceedings and appeared and participated in the proceedings. G.S. 1-567.3 provides the means by which a party on notice of intent to arbitrate may object to or seek to stay a demand for arbitration on the grounds that there is no agreement to arbitrate.

Sec. 1-567.3. *Proceedings to compel or stay arbitration.*

(a) On application of a party showing an agreement described in G.S. 1-567.2, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

. . .

G.S. 1-567.13, in pertinent part, provides:

Sec. 1-567.13. *Vacating an award.*

(a) Upon application of a party, the court shall vacate an award where:

. . .

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under G.S. 1-567.3 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

. . .

The record in this case shows that none of the respondents, after being served with notice, applied for a stay of the proceedings, or objected to the proceedings, but rather that they consented to the consolidation of the proposed proceedings and participated, without objection as to their status as parties, in the proceedings. Under such circumstances, the trial court acted correctly in not granting respondents' motion to vacate the award on the grounds that there was no agreement between the respective respondents and claimant Boyte to arbitrate the claims asserted by Boyte.

[2] Respondents also argue that since the trial judge found the arbitrator's award to be imperfect in a matter of form, he was without authority to remand for clarification or modification. G.S. 1-567.10 provides:

Sec. 1-567.10. *Change of award by arbitrators.*

On application of a party or, if an application to the court is pending under G.S. 1-567.12 [Confirmation of an award], 1-567.13 or 1-567.14 [Modification or correction of award], on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in subdivisions (1) and (3) of subsection (a) of G.S. 1-567.14, or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within 10 days from the notice. The award so modified or corrected is subject to the provisions of G.S. 1-567.12, 1-567.13 and 1-567.14.

Pursuant to the applications filed by both claimant and respondents, the foregoing portion of the Act clearly grants authority to the trial court to remand an award for "the purpose of clarifying the award."

All of respondents' assignments of error brought forward in their first argument are overruled.

[3] In their second argument, respondents contend that the modified award was invalid because it did not "clarify" the first award, but changed the award to assess all the award against Mr. and Mrs. Dickson. Essentially, respondents' second argument challenges the legality of the second award, respondents contending that the arbitrator exceeded his powers. We cannot agree. The rule in such cases was stated by this Court in *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 255 S.E. 2d 414 (1979):

> The purpose of arbitration is to settle matters in controversy and avoid litigation. It is well established that parties to an arbitration will not generally be heard to impeach the regularity or fairness of the award. Exceptions are limited to such situations as those involving fraud, misconduct, bias, exceeding of powers and clear illegality. Ordinarily, an award is not vitiated or rendered subject to impeachment because of a mistake or error of the arbitrators as to the law or facts. *See* 6 C.J.S., Arbitration, Sec. 149, *et seq.*, p. 397. The general rule is that errors of law or fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made. 5 Am. Jur. 2d, Arbitration and Award, Sec. 167, *et seq.*, p. 643.

*See also In re Cohoon*, 60 N.C. App. 226, 298 S.E. 2d 729, *disc. rev. denied*, 307 N.C. 697, 301 S.E. 2d 388 (1983). The action of the arbitrator in this case to revise his award to assess all remaining claims in the two proceedings was clearly within his authority. Mistakes of fact or law in such awards may not be reviewed by the courts. *Id.*

In their third argument, respondents assert that they have been deprived of their property without due process of law for lack of notice and hearing. These arguments may not prevail, for the reasons we have stated in disposition of respondents' first argument.

The judgment of the trial court must be and is

Affirmed.

Judges HEDRICK and PHILLIPS concur.