J. M. OWEN BUILDING CONTRACTORS, INC., Plaintiff v. COLLEGE WALK, LTD., a North Carolina Limited Partnership and COMMERCE CONSTRUCTION CO., INC., a Tennessee Corporation, Defendants, and COMMERCE CONSTRUCTION CO., INC., Third-Party Plaintiff v. BALBOA INSURANCE COMPANY, Third-Party Defendant, and COLLEGE WALK, LTD., Third-Party Plaintiff v. RELIANCE INSURANCE COMPANY, Third-Party Defendant

No. 9029SC334

(Filed 5 February 1991)

1. **Arbitration and Award § 40 (NCI4th)— motion to vacate award—timeliness**

    There was no merit to College Walk's contention that motions by two defendants to vacate or modify an award of arbitrators were untimely and therefore improperly accepted by the trial court, since service of the award of arbitrators was by regular mail; N.C.G.S. § 1-567.9 requires that service of the award must be by personal delivery or registered mail; and service by regular mail therefore did not commence the running of the 90-day period allowed for motions to vacate or modify an award. N.C.G.S. §§ 1-567.13(b) and 1-567.14(a).

    **Am Jur 2d, Arbitration and Award §§ 145, 184, 185.**

2. **Arbitration and Award § 34 (NCI4th)— attorney's fees— arbitrators' award properly deleted**

    The trial court did not err by deleting an arbitrators' award of attorney's fees, since attorney's fees are not a subject of arbitration even if the contract in dispute provides for such fees, as N.C.G.S. § 1-567.11 excludes attorney's fees from an award to be rendered by the arbitrators since such fees are only collectible under N.C.G.S. § 6-21.2.

    **Am Jur 2d, Arbitration and Award §§ 136, 137.**

3. **Arbitration and Award § 42 (NCI4th)— interest awarded per diem—modification to per annum**

    The trial court did not err in modifying an arbitrators' award by substituting interest of 8% per annum for the awarded amount of 8% per diem, since the arbitrators' decision was inconsistent with the parties' contract.

    **Am Jur 2d, Arbitration and Award § 139.7.**

4. **Arbitration and Award § 43 (NCI4th)— appeal of award— monies held by clerk of court—motion to release properly denied**

 The trial court did not err in denying College Walk's motion to release all monies held by the clerk of superior court, since College Walk's appeal of the entire arbitration award placed all funds, including the approximately $158,000 deposited with the clerk of court, at issue.

**Am Jur 2d, Arbitration and Award § 145.**

APPEAL by defendant College Walk, Ltd., third-party plaintiff Commerce Construction Co., Inc. and third-party defendant Reliance Insurance Company from order entered 1 November 1989 by *Judge Robert E. Gaines* in TRANSYLVANIA County Superior Court. Heard in the Court of Appeals 23 October 1990.

Plaintiff instituted a civil action against defendants for breach of contracts, unjust enrichment, enforcement of lien rights, unfair trade practices and attorney's fees. This action was subsequently referred to arbitration. With some modifications, the trial court confirmed the arbitrator's award. Defendant, third-party plaintiff and third-party defendant appeal.

*Long, Parker, Hunt, Payne & Warren, P.A., by Jeffrey P. Hunt, for plaintiff-appellee.*

*Safran Law Offices, by Perry R. Safran and V. A. Anderson, Jr., for defendant-appellant College Walk.*

*Roberts Stevens & Cogburn, P.A., by Gregory D. Hutchins and William Clarke, for third-party defendant-appellant Reliance Insurance Company.*

JOHNSON, Judge.

 Commerce Construction Co., Inc. ("Commerce") and J. M. Owen Building Contractors, Inc. ("Owen") contracted for construction work on a certain adult community complex located in Transylvania County. The owner of the project is College Walk, Ltd. ("College Walk"). The project was composed of two principal parts, the Adult Congregate Living Facility ("ACLF") and the Cluster Homes. Commerce contracted with College Walk as the general contractor for the ACLF facility by a written contract dated 11 October 1985.

## J. M. OWEN BLDG. CONTRACTORS v. COLLEGE WALK, LTD.

[101 N.C. App. 483 (1991)]

On 11 December 1985, Owen entered into a series of subcontracts with Commerce regarding construction and carpentry work to be performed on the ACLF facility. During 1985, 1986, and 1987, Owen entered into a series of contracts with College Walk regarding the construction of the Cluster Homes. Owen had a direct contract with College Walk as the general contractor for the Cluster Homes' portion of the project. According to their contractual agreement, Commerce and Owen obtained a surety for their work on the ACLF and Cluster Homes. Reliance was obtained as the surety by Commerce for the ACLF portion of the project. Balboa Insurance Company ("Balboa") was the surety for Owen on the Cluster Homes. Reliance issued a Performance and Payment Bond in favor of College Walk on the ACLF construction. Reliance also issued a Labor and Material Payment Bond for the ACLF construction.

On 16 June 1987, Owen filed a Claim of Lien against Commerce and College Walk for labor and materials provided for the ACLF facility in the amount of $116,687.44. Owen subsequently filed Claims of Lien against College Walk for work performed and services provided for the Cluster Homes' portion of the project on 8 July 1987 in the amount of $58,736.45. Owen perfected the Claim of Lien filed against Commerce and College Walk on 24 September 1987. In its complaint, Owen alleged nonpayment of labor, materials, and overhead for the carpentry and construction work performed on the ACLF and the Cluster Homes.

College Walk thereafter filed a Motion to Compel Arbitration on the dispute and moved to add Reliance as a party defendant. By order dated 23 March 1988, Reliance was added as a third-party defendant in the action.

The parties proceeded to arbitration through the American Arbitration Association and a hearing was conducted before a tribunal of arbitrators. On 12 April 1989, an Award of Arbitrators was rendered. The arbitrators determined that Commerce and Reliance should pay to College Walk $30,202.00 with interest at 8% per diem on the ACLF portion of the project. Commerce and Reliance were further ordered to pay College Walk's attorney's fees in the amount of $23,753.00 and to provide "as-built" mylars at no cost to College Walk. Commerce and Reliance were further ordered to pay Owen as the subcontractor on the ACLF portion of the project $116,687.00 with interest at 8% per diem. In addition,

J. M. OWEN BLDG. CONTRACTORS v. COLLEGE WALK, LTD.

[101 N.C. App. 483 (1991)]

Commerce and Reliance were ordered to pay Owen's attorney's fees in filing its lien action.

On the Cluster Homes project, the arbitrators determined that Owen should pay to College Walk $30,570.00 with interest at 8% per diem and attorney's fees of $4,375.00. The arbitrators also determined that the lien funds deposited with the Transylvania County Clerk of Superior Court in the amount of $53,036.45 were to be released and awarded to College Walk.

After the arbitrators' final decision, the parties made various motions to confirm or modify the arbitrators' award. All motions were heard on 23 October 1989. Owen, Commerce and Reliance argued that the interest stated in the arbitrators' award should be on a per annum basis rather than a per diem. Owen, Commerce and Reliance further argued that the arbitrators had no authority to award attorney's fees. College Walk, however, argued that the interest should remain as set out in the arbitrators' award and that the arbitrators did, in fact, have the authority to award attorney's fees.

For the most part, the arbitrators' award was confirmed by an order dated 1 November 1989. The trial court, however, struck the portion of the arbitrators' award granting attorney's fees and further ordered that all lien funds paid into the clerk of superior court be retained pending further orders.

The court on its own motion entered an order re-opening the issues of confirmation of the arbitrators' award with respect to the issues of the amount of interest awarded, attorney's fees and the amount of monies to be taken down pending any appeals from the judgment entered on 1 November 1989. After reviewing the record and considering arguments of counsel, the trial court entered an order reflecting the court's order of 1 November 1989 denying attorney's fees. The interest rate of 8% per diem was determined to be excessive and punitive and the trial court thereby substituted an interest rate of 8% per annum on the award made by the arbitrators. All funds deposited with the clerk of superior court were ordered retained pending appeal.

On appeal, defendant College Walk brings forth six questions for this Court's review and third-party defendant Reliance brings forth an additional two questions for review. Third-party plaintiff Commerce, however, has not advanced any arguments and therefore

has abandoned its entire appeal. *See* Rule 28 of the N.C. Rules of Appellate Procedure. For the sake of clarity, we will first address the questions brought forth by College Walk.

COLLEGE WALK'S APPEAL

[1] By Assignments of Error numbers one and two, College Walk contends that the motions made by Commerce and Reliance to vacate or modify the award of arbitrators were untimely and therefore improperly accepted by the trial court. We disagree.

"The purpose of arbitration is to reach a final settlement of disputed matters without litigation, and it is well established that the parties, who have agreed to abide by the decision of a panel of arbitrators, will not generally be heard to attack the regularity or fairness of an award." *Thomas v. Howard*, 51 N.C. App. 350, 352, 276 S.E.2d 743, 744 (1981). An award is ordinarily presumed to be valid and the party trying to set aside the award has the burden of demonstrating an objective basis which supports his allegation that one of the arbitrators acted improperly. *Id.* College Walk has not met this burden.

General Statutes § 1-567.13 provides the exclusive grounds and procedure for vacating an award while G.S. § 1-567.14 provides the exclusive grounds and procedure for modifying or correcting an award. *Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E.2d 793 (1982). Both statutory provisions establish that an application for vacating or modifying an award must be made within 90 days after delivery of a copy of the award to the applicant. *See* G.S. §§ 1-567.13(b) and 1-567.14(a). Service of the award must be by either personal delivery or registered mail. G.S. § 1-567.9. Where, as here, "a statute prescribes a specific mode of notice that method must be strictly followed where notice must be relied upon to divest the recipient of a right." *Council v. Balfour Products Group*, 80 N.C. App. 157, 159, 341 S.E.2d 74, 75 (1986). As we firmly believe that G.S. § 1-567.9 is a prerequisite to the vacating or modifying of the arbitrators' award, service of the Award of Arbitrators, in the instant case, by regular mail did not commence the running of the 90-day period as prescribed by G.S. § 1-567.13. Therefore, we hold that neither Commerce nor Reliance were furnished with the applicable statutory notice. Thus, the trial court properly considered the issues of the interest rate and attorney's fees. Accordingly, we overrule College Walk's first two Assignments of Error.

**J. M. OWEN BLDG. CONTRACTORS v. COLLEGE WALK, LTD.**

[101 N.C. App. 483 (1991)]

[2]  Next, College Walk contends that the trial court erred by deleting the arbitrators' award of attorney's fees. We disagree.

Initially, we note that attorney's fees are not a subject of arbitration even if the contract in dispute provides for such fees. *Wilson Building Co. v. Thorneburg Hosiery Co., Inc.*, 85 N.C. App. 684, 355 S.E.2d 815, *cert. denied*, 320 N.C. 798, 361 S.E.2d 75 (1987). G.S. § 1-567.11 excludes attorney's fees from an award to be rendered by the arbitrators since such fees are only collectible under G.S. § 6-21.2. The Award of Arbitration in the instant case specifically awarded attorney's fees to both College Walk and Owen. Such an award, however, exceeded the arbitrators' authority. *Id.* Therefore, the trial court properly denied College Walk's motion to confirm the arbitrators' award.

[3]  By Assignment of Error number five, College Walk contends that the trial court erred in modifying the arbitrators' award by substituting 8% per annum for the awarded amount of 8% per diem. We disagree.

General Statutes § 1-567.14(a) provides that

(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.

(2) The arbitrators have awarded upon a matter not substituted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

An award is conclusive on matters of law and fact if decided in accordance with the legal construction of the contract in which the arbitrators derive their authority. 5 Am. Jur. 2d, Arbitration and Award, § 147 (1962).

While we recognize that the public policy of our State favors confirmation of arbitration awards, we also recognize that such awards are not infallible. *Wildwoods of Lake Johnson Assoc. v. L. P. Cox Company*, 88 N.C. App. 88, 362 S.E.2d 615 (1987), *disc.*

**J. M. OWEN BLDG. CONTRACTORS v. COLLEGE WALK, LTD.**

[101 N.C. App. 483 (1991)]

*rev. denied*, 322 N.C. 838, 371 S.E.2d 285 (1988). The contract between College Walk and Commerce for the ACLF portion of the project mentioned applicable interest rates in two specific provisions. Through each provision, the parties agreed that the rate of interest governing the contract was that of the legal rate at the place of the project. We find that the arbitrators' decision to award interest at 8% per diem is inconsistent with the parties' contract.

[4] Finally, College Walk contends that the trial court erred in denying its motion to release all monies held by the Transylvania County Clerk of Superior Court. College Walk's appeal of the entire arbitration award placed all funds, including approximately $158,000.00 deposited with the clerk of court, at issue. Thus, the trial court correctly ordered that these funds remain with the clerk of court pending appeal. This assignment is overruled.

RELIANCE'S APPEAL

By Assignment of Error number one, Reliance contends that the trial court erred in confirming the award of interest on the arbitrators' award at the rate of 8% per diem.

Initially, we note that Reliance filed notice of appeal from the 1 November 1989 order on 30 November 1989. The trial court in its 1 November 1989 order did not substitute the 8% per annum for the previously awarded 8% per diem. Such modification did not occur until the 4 December 1989 order. While Reliance filed an appeal from the first order, it did not file an appeal from the second order which resulted in the substitution of 8% per annum for the arbitrators' award of 8% per diem. The arguments brought forth by Reliance, however, are premised upon the trial court's order dated 4 December 1989. Pursuant to Rule 28 of the N.C. Rules of Appellate Procedure, any appeal by Reliance from the order dated 4 December 1989 has therefore been abandoned. (Inasmuch as Reliance's threshold issue is identical to the fifth question raised by College Walk's appeal, the substance of this issue, though abandoned by Reliance, has already been addressed. *See* discussion under the fifth issue of College Walk's appeal.)

We have considered the second issue raised by Reliance on appeal, but find it to be without merit. It is therefore overruled.

Accordingly, the order of the trial court eliminating attorney's fees and substituting an interest rate of 8% per annum for the 8% per diem is

Affirmed.

Judges EAGLES and PARKER concur.