SENTRY BUILDING SYSTEMS, INC., Plaintiff v. ONSLOW COUNTY BOARD OF EDU-CATION, FRED HARGETT, in his official capacity, PAUL A. HARDISON, in his official capacity, STEVE BARTLEY, in his official capacity, HOWARD AMAN, in his official capacity, FLETCHER B. BAKER, in his official capacity, LOIS C. MEADOWS, in her official capacity, and THOMAS J. PITMAN, in his official capacity, Defendants

No. 934SC1211

(Filed 20 September 1994)

**Arbitration and Award § 42 (NCI4th)— arbitration award reviewed and modified—no proper application for review— error**

The trial court erred by concluding that N.C.G.S. § 1-567.14 did not apply in this case, by reviewing the arbitration award when plaintiff had not made a proper application as required by statute, and by awarding plaintiff interest on the arbitration award.

**Am Jur 2d, Arbitration and Award §§ 143, 145.**

Appeal by defendant from order entered 12 July 1993 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 2 September 1994.

*E. Alex Erwin, III, for defendant-appellant Onslow County Board of Education.*

*Wallace, Morris, Barwick, & Rochelle, P.A., by Paul A. Rodgman and Martha B. Beam, for plaintiff-appellee.*

WYNN, Judge.

Plaintiff, Sentry Building Systems, Inc., and defendant, Onslow County Board of Education, entered into a contract on 7 November 1988 for the construction of additions to two schools in Onslow County. The contract contained an agreement to arbitrate any disputes arising under the contract. On 29 August 1991 the parties agreed to submit their dispute over compensation for arbitration. An arbitration hearing was held and the arbitrator entered an award for plaintiff in the amount of $63,907.36. Defendant asked the arbitrator whether the award included interest from the date of the contract breach and the arbitrator indicated that the award did not include interest. Plaintiff then made a motion for interest on the arbitration award in Onslow County Superior Court and the court granted plaintiff's motion and awarded interest in the amount of $11,513.83. From that order, defendant appeals.

---

Defendant argues that the trial court erred by granting plaintiff's motion for interest because the trial court did not have the authority to modify the arbitrator's award and because plaintiff had not made an application to modify or correct the award as required by N.C. Gen. Stat. § 1-567.14. We agree.

Judicial review of an arbitration award is limited to the determination of whether there exists one of the specific grounds for vacating the award under the arbitration statute. *Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.*, 312 N.C. 224, 321 S.E.2d 872 (1984); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C. App. 407, 255 S.E.2d 414 (1979). "[O]nly awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators exceeding their authority shall be modified or corrected by the reviewing courts." *Gunter*, 41 N.C. App. at 414, 255 S.E.2d at 419. N.C. Gen. Stat. § 1-567.14 provides the exclusive grounds and procedure for modifying or correcting an arbitration award. *J.M. Owen Bldg. Contractors, Inc. v. College Walk, Ltd.*, 101 N.C. App. 483, 400 S.E.2d 468 (1991). N.C. Gen. Stat. § 1-567.14 provides in pertinent part:

(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

    (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

    (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

    (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

N.C. Gen. Stat. § 1-567.14 (1983).

The statute requires that an application for modifying the award must be made within 90 days after the delivery of a copy of the award to the applicant. *J.M. Owen Bldg. Contractors*, 101 N.C. App. at 487, 400 S.E.2d at 470. *See also Crutchley v. Crutchley*, 53 N.C. App. 732, 738, 281 S.E.2d 744, 747-8 (1981), *rev'd on other grounds*, 306 N.C. 518, 293 S.E.2d 793 (1982) (A party who did not attempt to seek a modification of the arbitration award within the required time period waived her challenge that the award was imperfect in a matter of form).

In the instant case, the trial court found that although plaintiff did not make an application for modifying the award as required by N.C. Gen. Stat. § 1-567.14, the parties had engaged in negotiations regarding the amount of interest due. The trial court concluded that the provisions of N.C. Gen. Stat. § 1-567.14 did not apply because the trial court's order would not modify or correct the arbitrator's award but rather just address the interest question which was not included in the award. The trial court then awarded interest to plaintiff in the amount of $11,513.83.

N.C. Gen. Stat. §§ 1-567.13 and 1-567.14 provide the exclusive grounds and procedure for vacating, modifying, or correcting an arbitration award. *Crutchley v. Crutchley*, 306 N.C. 518, 523, 293 S.E.2d 793, 797 n.2 (1982). Therefore, the trial court erred by concluding that N.C. Gen. Stat. § 1-567.14 did not apply to the instant case and by reviewing the arbitration award when the plaintiff had not made a

proper application as provided by the statute. As the Court noted in *Gunter*:

> If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal and the Court has no power to revise the decisions of "judges who are of the parties' own choosing."

*Gunter*, 41 N.C. App. at 415, 255 S.E.2d at 420 (quoting *T.W. Poe & Sons, Inc. v. University of North Carolina*, 248 N.C. 617, 625, 104 S.E.2d 189, 195 (1958)). Accordingly, the trial court's order is

Reversed.

Judges COZORT and McCRODDEN concur.