HOOPER v. ALLSTATE INS. CO.

[124 N.C. App. 185 (1996)]

BOBBY HOOPER AND WIFE, ZELDA HOOPER, PLAINTIFFS v. ALLSTATE INSURANCE COMPANY, DEFENDANT

No. COA95-1408

(Filed 15 October 1996)

**Arbitration and Award § 39 (NCI4th)— motion to confirm appraisers' report—simple denial improper**

Where defendant homeowners insurer moved for confirmation of the appraisers' report in an arbitration proceeding, the trial court could not simply deny the motion but was required to confirm the arbitration award, to vacate the award after finding one of the statutory grounds for vacating, or to modify the award so as to effect the intent of the parties and then confirm the award as modified. N.C.G.S. §§ 1-567.12, 1-567.13.

**Am Jur 2d, Alternative Dispute Resolution §§ 218, 229, 234.**

Appeal by defendant from order entered 26 July 1995 by Judge H.W. Zimmerman, Jr., in Haywood County Superior Court. Heard in the Court of Appeals 23 September 1996.

*Russell L. McLean, III, for plaintiff appellees.*

*Roberts & Stevens, P.A., by Frank P. Graham and Wyatt S. Stevens, for defendant appellant.*

SMITH, Judge.

On 4 February 1994, plaintiffs filed a complaint against defendant Allstate Insurance Company (Allstate), alleging that plaintiffs had suffered a fire loss to their residence and personal property on 24 February 1993, which was insured by Allstate under a homeowners' policy. On 7 April 1994, defendant Allstate filed a Tender of Judgment. On 8 April 1994, plaintiffs filed a motion to strike, a motion demanding arbitration, a motion to dismiss and a motion for judgment on the pleadings. Plaintiffs' motion for arbitration was allowed and all other motions were stayed pending completion of arbitration. The parties were ordered to name their appraisers. Allstate named Mr. C. Grayson Williford, and plaintiffs named Mr. Danny Ferguson. Because the parties' appraisers could not come to an agreement and resolve the differences between the parties, defendant made a motion pursuant to

the insurance policy for the trial court to appoint an independent appraiser. The trial court appointed Mr. Fredrick Spenser to serve as an independent appraiser to resolve the differences between the parties' two appraisers. However, prior to his being appointed by the court to serve as an independent appraiser, plaintiffs hired Spenser for a fee to review the appraisal submitted by the original appraisers and to provide plaintiffs with his opinion of the appraisal. Spenser was permitted to withdraw as an independent appraiser in the case, and the trial court appointed Mr. Jack McKenney to serve as the independent appraiser.

On 22 June 1995 defendant filed a motion for order setting loss. In an order dated 24 July 1995, entered 26 July 1995 and amended 13 August 1995, defendant's motion for order setting loss was denied. From the amended order, defendant appeals.

Defendant assigns error to the trial court's denial of defendant's motion to set loss in accordance with the appraisers' report, which determined the value of plaintiffs' residence as $88,693.00. We vacate the trial court's order and remand.

Pursuant to Article 45A of the North Carolina General Statutes, entitled "Arbitration and Award," the trial court has three options when presented with an arbitration award. First, the trial court can *confirm* the award as it is. Second, upon application of a party, the court can *vacate* an award and order a new hearing before the original arbitrators, or before newly appointed arbitrators depending upon the statutory grounds for vacating the award. Finally, upon application of a party, the trial court can *modify or correct* the award so as to effect the intent of the parties and then confirm the award as modified and corrected. These three options are set forth in Chapter 1 of the North Carolina General Statutes. N.C. Gen. Stat. § 1-567.12 (1983) (emphasis added) provides:

**Confirmation of an award.**

Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in G.S. 1-567.13 and 1-567.14.

N.C. Gen. Stat. § 1-567.13 (1983) (emphasis added) provides:

**Vacating an award.**

(a) Upon application of a party, the court shall vacate an award where:

    (1) The award was procured by corruption, fraud or other undue means;

    (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

    (3) The arbitrators exceeded their powers;

    (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of G.S. 1-567.6, as to prejudice substantially the rights of a party; or

    (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under G.S. 1-567.3 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

(b) An application under this section shall be made within 90 days after delivery of a copy of the award to the applicant except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.

(c) In vacating the award on grounds other than stated in subdivision (5) of subsection (a) the court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the court in accordance with G.S. 1-567.4, or, if the award is vacated on grounds set forth in subdivisions (3) or (4) of subsection (a) the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with G.S. 1-567.4. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

(d) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

N.C. Gen. Stat. § 1-567.14 (1983) (emphasis added) provides:

**Modification or correction of award.**

(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall *modify or correct the award* where:

(1)   There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2)   The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3)   The award is imperfect in a matter of form, not affecting the merits of the controversy.

(b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

(c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

In the present case the trial court failed to exercise any of these options. Defendant Allstate made a motion to set the loss which was in reality a request for confirmation of the appraisers' report, which the trial court denied. Pursuant to the North Carolina General Statutes, the trial judge was required to confirm the award, vacate the award after finding one of the statutory grounds for vacating, or the trial court could have modified the award so as to effect the intent of the parties and then confirm the award as modified. We further note that it would be helpful to the courts if counsel used the appropriate terminology, as set forth in the statutes, when making motions. Instead of filing a "Motion for Order Setting Loss," defendant should have filed a "Motion to Confirm the Appraisers' Report," and plaintiffs

should have then requested the trial court to "vacate" or to "modify and correct" the appraisers' report, instead of requesting the court to deny the "Motion for Order Setting Loss."

While a final arbitration award is not properly before us for our review, we note that, "[j]udicial review of an arbitration award is limited to the determination of whether there exists one of the specific grounds for vacating the award under the arbitration statute." *Sentry Building Systems v. Onslow County Bd. of Education*, 116 N.C. App. 442, 443, 448 S.E.2d 145, 146 (1994). We see no evidence in the record of any of the statutory grounds set forth in N.C. Gen. Stat. § 1-567.13. The exclusive grounds for vacating an award are (1) the award was procured by corruption, (2) there was evident partiality by an arbitrator, (3) the arbitrators exceeded their powers, (4) the arbitrators refused to postpone the hearing upon show of sufficient cause, (5) they refused to hear evidence material to the controversy, or (6) there was no arbitration agreement. N.C. Gen. Stat. § 1-567.13. Furthermore, "G.S. § 1-567.14 provides the exclusive grounds and procedure for modifying or correcting an arbitration award." *J.M. Owen Bldg. Contractors, Inc. v. College Walk, Ltd.*, 101 N.C. App. 483, 487, 400 S.E.2d 468, 470 (1991) (citing *Crutchley v. Crutchley*, 306 N.C. 518, 523 n.2, 293 S.E.2d 793, 797 n.2 (1982)).

There is no evidence in the record that plaintiffs made a motion for the trial court to modify or to correct the award. However, plaintiffs argue in their brief that the appraisers improperly calculated the fair market value of their residence, because the appraisers' method of determining the fair market value of the property was inconsistent with the method set forth in the insurance policy. If upon motion of plaintiffs the trial court determines that the award should be modified or corrected pursuant to N.C. Gen. Stat. § 1-567.14, the trial court should so modify and correct and confirm the award. Otherwise, the trial court should confirm the award as presented.

Accordingly, we vacate and remand to the trial court for proceedings consistent with this opinion.

Vacated and remanded.

Judges EAGLES and MARTIN, John C., concur.