GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Plaintiff v. MSL ENTERPRISES, INC., d/b/a MSL Enterprises, Defendant/Third Party Plaintiff v. TH CONSTRUCTION, INC., d/b/a THC Construction, Inc., f/k/a Trafalgar House Construction, Inc.; and KVAERNER CONSTRUCTION, INC., as purported successor-in-interest to TH Construction, Inc., Third-Party Defendants/Third-Party Plaintiffs v. MICHAEL S. LOPEZ and DENISE LOPEZ, Third-Party Defendants

No. COA00-403

(Filed 15 May 2001)

**Arbitration and Mediation— arbitration—interpretation of term in award**

The trial court erred on remand by interpreting an arbitration award to mean that plaintiff was not an unpaid vendor where the trial court was not presented with a motion to correct or modify the award. When asked to interpret an ambiguous term in an arbitration award, the trial court may determine the matter only where the ambiguity may be resolved from the record. Where, as here, the ambiguity is not resolved by the record, the only proper

method is to remand the matter to the arbitration panel for clarification of the disputed term. The arbitration panel in this case must limit its review to a clarification of the meaning of the term "vendors" in the award.

Appeal by third-party plaintiff from order entered 12 January 2000 by Judge Steve A. Balog in Superior Court, Orange County. Heard in the Court of Appeals 6 February 2001.

> *Brown & Bunch, PLLC, by Scott D. Zimmerman, for defendant/third-party plaintiff MSL Enterprises, Inc., d/b/a MSL Enterprises.*

> *Moore & Van Allen, PLLC, by Christopher J. Blake, for third-party defendants TH Construction, Inc. and Kvaerner Construction, Inc.*

WYNN, Judge.

The facts in this dispute are set forth in our decisions from earlier appeals. *See Trafalgar House Constr., Inc. v. MSL Enters., Inc.,* 128 N.C. App. 252, 494 S.E.2d 613 (1998); *General Accident Ins. Co. of Am. v. MSL Enters., Inc.,* No. COA98-130 (N.C. Court of Appeals Feb. 2, 1999). In the more recent appeal, this Court reversed the trial court's grant of summary judgment in favor of MSL. There, a unanimous panel of this Court found that the arbitration award itself did not conclusively determine whether General Accident was an unpaid "vendor"; accordingly, we held that the trial court impermissibly modified the arbitration award by appending the list of named "vendors," including General Accident. Thus, we reversed the order of summary judgment and remanded the matter with instructions that THC was not collaterally estopped from showing that neither the arbitration award nor the superior court's prior confirmation order resolved the "vendor" issue.

On remand, MSL sought indemnification from THC and Kvaerner for any judgment entered against MSL in favor of General Accident. In supporting its motion for summary judgment, THC argued that MSL failed to produce any credible evidence to show that General Accident was an unpaid "vendor" within the meaning of the arbitration award. *See* N.C. Gen. Stat. § 1A-1, Rule 56 (1999); *Weeks v. N.C. Dep't of Natural Resources and Community Dev.,* 97 N.C. App. 215, 224, 388 S.E.2d 228, 233 (1990). The trial court granted summary judgment in favor of THC; MSL appeals to us. General Accident is not a party to this appeal.

GENERAL ACCIDENT INS. CO. OF AM. v. MSL ENTERS., INC.

[143 N.C. App. 453 (2001)]

In this appeal we address two issues. First, we determine whether the trial court correctly determined as a matter of law that General Accident was not an unpaid "vendor" within the meaning of the arbitration award.

North Carolina's version of the Uniform Arbitration Act, codified in Article 45A, Chapter 1 of the General Statutes, allows for a judicial vacatur or modification of an award in specific instances. N.C. Gen. Stat. §§ 1-567.1 *et seq.* (1999). To vacate an award, the trial court must determine whether there exists one of the specific grounds for vacation of an award under N.C. Gen. Stat. § 1-567.13. *See Carolina Virginia Fashion Exhibitors, Inc. v. Gunter,* 41 N.C. App. 407, 411, 255 S.E.2d 414, 418 (1979); *see also Sentry Bldg. Systems, Inc. v. Onslow County Bd. of Educ.,* 116 N.C. App. 442, 443, 448 S.E.2d 145, 146 (1994). In this case, neither party sought a vacatur of the arbitration award.

To modify or correct an arbitration award, the trial court must determine the existence of one of the exclusive grounds for modifying and correcting an award:

(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

N.C. Gen. Stat. § 1-567.14 (1999); *see Sentry Bldg. Systems, Inc.,* 116 N.C. App. at 443-44, 448 S.E.2d at 146. When a court decides to modify or correct an award for one of the statutorily-enumerated reasons,

it shall do so to effectuate "the intent" of the arbitrators. Clearly, the legislative intent is that only awards reflecting mathematical errors, errors relating to form, and errors resulting from

arbitrators exceeding their authority shall be modified or cor-
rected by the reviewing courts. *Courts are not to modify or
correct matters affecting the merits which reflect the intent of
the arbitrators.*

*Gunter,* 41 N.C. App. at 414, 255 S.E.2d at 419 (emphasis added).

In this case, the trial court was not presented with a motion to
modify or correct the award under N.C. Gen. Stat. § 1-567.14. Indeed,
the award was previously confirmed, and THC's motion to modify,
correct or vacate the award was denied, which denial was affirmed
by this Court. *See Trafalgar House Constr., Inc.,* 128 N.C. App. 252,
494 S.E.2d 613. Thus, in granting summary judgment to THC, the trial
court necessarily engaged in an interpretation of the arbitration
award and construed the term "vendors" to exclude General
Accident. This interpretation went to the heart of the arbitrators'
intent. As such, the review of the award and entry of summary judg-
ment by the trial court in favor of THC was impermissible. *See id.;
Sentry Bldg. Systems, Inc.,* 116 N.C. App. at 444-45, 448 S.E.2d at 146-
47; *Gunter,* 41 N.C. App. At 414, 255 S.E.2d at 419; *General Accident
Ins. Co. of Am.,* No. COA98-130 (N.C. Court of Appeals Feb. 2, 1999)
("By statute, the issue of whether General Accident is a 'vendor'
could not have been decided by the superior court.")

Having thus determined that the trial court erred by awarding
summary judgment on the issue of whether the arbiters' term "ven-
dors" included General Accident, we now confront the fundamental
first-impression issue presented: How may a party seek to clarify an
ambiguous term in an arbitration award that has been confirmed
under N.C. Gen. Stat. § 1-567.12, following the expiration of the
statutorily-prescribed period for vacating the award (N.C. Gen. Stat.
§ 1-567.13), or modifying or correcting the award (N.C. Gen. Stat.
§ 1-567.14)?

In *In re Boyte,* 62 N.C. App. 682, 303 S.E.2d 418 (1983), this Court
recognized the trial court's authority under the Uniform Arbitration
Act to remand an arbitration award to the arbitration panel for clari-
fication in certain circumstances. In that case, the contracting parties
included an arbitration clause that provided for disputes to be
resolved according to the Construction Industry Arbitration Rules of
the American Arbitration Association. *Id.* at 683, 303 S.E.2d at 418.
Following an arbitrated award of a disputed matter, the arbitrator
declined a request by Boyte to clarify the award. *Id.* at 684, 303 S.E.2d
at 419. Thereafter, Boyte filed alternative motions with the trial court

for confirmation, clarification and modification of the award. *Id.* at 684, 303 S.E.2d at 419. Finding that the award was in need of clarification and modification, the trial court remanded the award to the arbitrator for such clarification and modification. On appeal from the subsequent judgment confirming the award as modified by the arbitrator, this Court concluded that N.C. Gen. Stat. § 1-567.10 grants authority to the trial court to remand an ambiguous award for clarification. *Id.* at 688, 303 S.E.2d at 421; *accord Borough of Dunmore v. Dunmore Police Dep't,* 526 A.2d 1250 (Pa. Commw. 1987); *McIntosh v. State Farm Fire and Casualty Co.,* 625 A.2d 63 (Pa. Super. Ct. 1993); *H.E. Sargent, Inc. v. Town of Millinocket,* 478 A.2d 683 (Me. 1984); *Weiss v. Metalsalts Corp.,* 222 N.Y.S.2d 7 (N.Y. App. Div. 1961); *University of Alaska v. Modern Constr., Inc.,* 522 P.2d 1132 (Alaska 1974); *Federal Signal Corp. v. SLC Techs., Inc.,* 743 N.E.2d 1066 (Ill. App. Ct. 2001); *see also Gibbs v. Douglas M. Grimes, P.C.,* 491 N.E.2d 1004 (1986) (stating that, in exceptional circumstances, which usually involve vagueness, a reviewing court may remand an award to the arbitrator for clarification). However, in reaching that determination, this Court neither confronted nor addressed the question of whether a trial court may remand an arbitration award for clarification when (1) there are no motions before the court for the confirmation, clarification or modification of the award, and the time within which to file such motions has expired, and (2) the confirmation of the award has been upheld on appeal.

Indeed, we are unaware of any controlling authority from our courts addressing the re-submission of a confirmed arbitration award for clarification. Furthermore, our research has failed to reveal any decisions from other state courts addressing the matter. *See* N.C. Gen. Stat. § 1-567.20 (providing that North Carolina's version of the Uniform Arbitration Act "shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it").

Nonetheless, several federal court decisions shed some light on the issue presented in the case at bar. In *Tri-State Bus. Machs., Inc. v. Lanier Worldwide, Inc.,* 221 F.3d 1015 (7th. Cir. 2000), the court considered whether a United States District Court could construe the term "inventory" in an arbitration award that had been confirmed by the district court, which had accordingly entered judgment based upon the award in favor of Tri-State. The arbitration award ordered Lanier to repurchase from Tri-State any Lanier inventory that Tri-State then owned.

Tri-State subsequently filed a motion with the district court seeking a writ of execution and an order compelling Lanier to perform its obligations under the award. The district court, following resolution of Lanier's motion for reconsideration, ordered Lanier to pay Tri-State $346,265.20 for Lanier inventory and sales literature in Tri-State's possession. Later, Tri-State filed a second motion for a writ of execution in the amount of $346,265.20; the district court granted this motion also, and ordered the immediate issuance of the second writ of execution. Lanier appealed, challenging the writs of execution by arguing that the district court erred in including certain items— used equipment and sales literature—within the meaning of "inventory" as used in the arbitration award.

In discussing the issue, the Court of Appeals stated, " 'It is well-settled that the district court generally may not interpret an ambiguous arbitration award.' " *Tri-State*, 221 F.3d at 1017 (quoting *Flender Corp. v. Techna-Quip Co.*, 953 F.2d 273, 279 (7th Cir. 1992)). Instead, "[i]f an award is unclear, it should be sent back to the arbitrator for clarification." *Flender*, 953 F.2d at 279-80; *see Tri-State*, 221 F.3d at 1017. Nonetheless, the court recognized that because "remand for clarification is a disfavored procedure," *Flender*, 953 F.2d at 280, where possible, "a court should avoid remanding a decision to the arbitrator because of the interest in prompt and final arbitration." *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 278 (7th Cir. 1989); *see Tri-State*, 221 F.3d at 1017. On the basis of this principle, that court held that "a court is permitted to interpret and enforce an ambiguous award if the ambiguity can be resolved from the record." *Flender*, 953 F.2d at 280; *see Tri-State*, 221 F.3d at 1017. Where a party to the award argues for clarification of a term using general contract law principles, this is a concession that the disputed term requires interpretation. *Tri-State*, 221 F.3d at 1019. In sum, where such ambiguity is resolved by the record, the district court need not remand for clarification, but where the ambiguity is not resolved by the record, the district court may not interpret the term, and must remand the matter to the arbitration panel for clarification. *Id.* at 1019-20.

The *Tri-State* court concluded that, because the term "inventory" in the arbitration award was ambiguous, and such ambiguity was unresolved by the record with respect to the disputed sales literature, the district court had erred in not remanding the issue of the sales literature to the arbitration panel for clarification of the term "inventory." *Id.* The court therefore affirmed the writs of

execution ordered by the district court in part, but reversed and remanded those orders insofar as they ordered the repurchase of the Lanier sales literature, for further remand to the arbitration panel for clarification. *Id.*

In *Office & Prof'l Employees Int'l Union v. Brownsville Gen. Hosp.*, 186 F.3d 326 (3d Cir. 1999), the Third Circuit Court of Appeals considered an action by the Union seeking enforcement of an arbitration award or, in the alternative, a remand of the award to the arbitrator for clarification. The United States District Court for the Western District of Pennsylvania remanded the award to the arbitrator for clarification, and the Hospital appealed.

The question presented to the Court of Appeals was whether the doctrine of *functus officio* prevents a court from remanding a case for clarification of an arbitration award. "*Functus officio* (Latin for 'a task performed') is a shorthand term for a common-law doctrine barring an arbitrator from revisiting the merits of an award once it has issued." *Id.* at 331. The court noted that there are a number of exceptions to the doctrine, including where an ambiguity arises despite the award's seeming completeness. *Id.* (citing *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 332 (3d Cir. 1991)). Furthermore, latent ambiguities are equally worthy of remand as patent ones. *Id.* at 333. In the case of ambiguity in an award, any attempt by the court "to divine the intent of the arbitrator [is] a perilous endeavor." *Id.* Instead, a remand to the arbitrator avoids misinterpretation of the award by the court, and more likely results in the parties obtaining the award for which they bargained. *Id.* (citing *Colonial Penn*, 943 F.2d at 334).

Furthermore, in response to the Hospital's attempts to have the enforcement action barred by the statute of limitations, the court rejected the Hospital's contention that the thirty-day statute of limitations in Pennsylvania's Uniform Arbitration Act, 42 Pa. Cons. Stat. § 7315, pertaining to the judicial modification or correction of an award, applied to bar the action. 42 Pa. Cons. Stat. § 7315 is analogous to N.C. Gen. Stat. § 1-567.14, which imposes a ninety-day statute of limitations on making application to the court to modify or correct an award. The court in *Brownsville Gen. Hosp.* noted that 42 Pa. Cons. Stat. § 7315 "does not deal with a situation in which remand to the arbitrator is necessary in order for the award to be enforceable, which is what is sought here, but with judicial revision of an arbitral award." 186 F.3d at 337.

The grounds listed in 42 Pa. Cons. Stat. § 7315 for judicial revision, like N.C. Gen. Stat. § 1-567.14, "all concern defects in an award that would be apparent on the face of the award, thus justifying the short limitations period." *Id.* On the other hand, "where, as here, we are dealing with what [may be] characterized as a latent ambiguity that only became manifest some time after the award was entered, it would be inequitable . . . to apply the brief limitations period pertaining to requests for correction of mistakes evident on the face of an award." *Id.*

In *In re LLT Int'l Inc. v. MCI Telecomm. Corp.*, 69 F.Supp.2d 510 (S.D.N.Y. 1999), the United States District Court for the Southern District of New York noted that, despite the doctrine of *functus officio*, "courts have routinely provided for the remand of arbitration awards for clarification or completion." 69 F.Supp.2d at 515. "Remand of an ambiguous award is particularly appropriate, given that 'a court should not attempt to enforce an award that is ambiguous or indefinite.'" *Id.* (quoting *Americas Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985)). However, where an arbitration award is remanded for clarification of an ambiguity, the arbitrator's review is limited to the specific matter remanded for clarification. *Id.* (citing *La Reunion Francaise v. Martin*, No 93 Civ. 7165, 1995 WL 338291 (S.D.N.Y. May 31, 1995)).

We find the reasoning in *Tri-State, Brownsville Gen. Hosp.* and *LLT Int'l* persuasive in resolving the issue before us. As in *Brownsville Gen. Hosp.*, we find it "both ironic and unfortunate that arbitration, a process designed to accomplish the peaceful and speedy resolution of [] disputes, should have devolved into the bitter impasse before us." 186 F.3d at 328. Where, as here, the trial court is asked to interpret an ambiguous term in an arbitration award, we conclude that such matters may be determined by the trial court only where the ambiguity may be resolved from the record. *See Tri-State.* However, as in the instant case, where the ambiguity is not resolved by the record, the only proper method by which to resolve the matter is to remand the matter to the arbitration panel for clarification of the disputed term. *See id.* On remand, the arbitration panel must limit its review to a clarification of the meaning of the term "vendors" in the award. *See LLT Int'l.*

Furthermore, our resolution of this issue comports with the original agreement of the parties to arbitrate all issues arising out of their contractual relationship. Each subcontract that the parties entered contained an arbitration provision reading as follows:

All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator or Arbitrators may be entered in any Court having jurisdiction thereof.

As the parties explicitly evidenced their intention to arbitrate all disputes arising out of their contractual relationship, we remand this dispute to the trial court with instructions for the further remand of the matter to the arbitration panel for clarification of the term "vendors" in the award in accordance with this opinion.

Accordingly, the trial court's order is,

Vacated and remanded.

Judges McGEE and BIGGS concur.